UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

                         Case No. 20–cr–20538

v.

                         Hon. David M. Lawson

Matthew Darrel Childers,

       Defendant.

_____

## Defendant's Motion in Limine
## to Preclude the Government's Forensic Interview Expert Witness

Defendant moves this Honorable Court to preclude the government's forensic interview expert witness because her testimony will not help the jury to understand the evidence or to determine a fact in issue, her testimony is not based on sufficient facts or data, her testimony is no the product of reliable principles and methods under Fed. R. Evid. 702, and it is not material or relevant to the facts of this case.

Alternatively, the defense moves for a pretrial hearing or a hearing outside the presence of the jury to screen the expert testimony to ensure that only reliable testimony and evidence goes to the jury pursuant to the "gatekeeping role" of district courts stated in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579(1993).

Finally, if the government's proffered expert testimony is admitted, the defense moves that the expert's testimony be admitted only after the alleged victim's testimony.

Respectfully submitted,

/s/*Mark H. Magidson*
MARK H. MAGIDSON(P25581)
Attorney for Defendant
The David Whitney Bldg
One Park Avenue, Suite 1207
Detroit, MI 48226
(313) 963-4311
mmag100@aol.com

Dated: FEBRUARY 21, 2023

## CertificateRegardingConcurrence

I certify and affirm, in compliance with E.D. Mich. LR 7.1(a)(2)(A), that there was a conference between the attorneys of record in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

/s/*Mark H.* Magidson
MARK H. MAGIDSON(P25581)
Attorney for Defendant

## Brief in Support of

**Defendant's Motion in Limine
to Preclude the Government's Sex Trafficking Expert Witnesses**

**Facts**

The government proffers the following testimony from a "blind" expert

witness who has not examined the alleged victim in this case:

**(1)     Amy Allen, Forensic Interview Specialist**.

Ms. Allen is an expert in forensic interviewing and its national and
international protocols. Over the last 25 years, Ms. Allen has conducted over
6,000 forensic interviews and testified in court as an expert witness over 300
times. However, she has not testified in court in the last four years. From
1993-2008, Ms. Allen was the Director and Lead Forensic Interviewer in
Oakland County, Michigan. In 2008, she began serving as a Forensic
Interview Specialist with DHS. Within DHS, she works on cases involving
child exploitation, human trafficking, and human rights violations. Ms. Allen
provides frequent training to law enforcement, child protective services,
judges, and the community on a range of topics, including child exploitation,
human trafficking, and victimization.

In this case, Ms. Allen will provide expert testimony about child and
adolescent forensic interviews generally. Specifically, she will discuss the
prevalence of delayed disclosures in sexual assault cases, trauma-bonding in
cases of sexual exploitation, as well as her experience with compliant
teenage victims. Her testimony may also include responses to defense
questions or arguments, and anyother conclusions drawn from her training
and experience relevant to the issues in this case.

**Argument**

The Federal Rules of Evidence provide that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if":

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case. [Fed. R. Evid. 702.]

A district court has a "gatekeeping role" in screening expert testimony to ensure that only reliable testimony and evidence go to the jury. *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 597, 113 S. Ct. 2786 (1993).

The defense objects in general to the expert testimony of witnesses Allen, because she never examined the alleged victim in this case, which affects the reliability of her opinion testimony about victims of child exploitation. Her testimony will inevitably be vouching for the alleged victim's credibility: either the alleged victim will testify favorably for the government and state that shewasused, employed, persuaded, induced, enticed, or coerced to produce child pornography, or the victim may deny the allegations, and the expert will vouch for the denial being consistent with an exploited child victim.

The defense also argues that witness Allenwill not testify about any matters that are beyond the knowledge of the average juror, that is, the claimed scientific,

technical, or other specialized knowledge of the government's experts will not help the jury to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702(a). Therefore, their testimony would invade the province of the jury in determining the ultimate issue at trial—whether Childers used, employed, persuaded, induced, enticed, or coerced the alleged victim to produce child pornography.

Additionally, the defense challenges the "knowledge, skill, experience, training, or education" of the government's proffered expert Amy Allen and the reliability of her testimony. Allen's curriculum vitae shows that she has testified in state court many times about child victims, but as far as the defense can tell, that testimony has been about children under 13 years old in state cases that did not involve federal child pornography charges. And of course, testifying in court itself does not bestow any knowledge, skill, experience, training, or education relevant to the expert opinion Allen would give at trial.

Because Allen's knowledge is based on symposiums, courses, and interviews of child victims, the reliability of her final conclusions and opinions for this case is in question. What studies have confirmed her opinions and conclusions? Are her opinions and conclusions capable of any kind of measurable accuracy? Has Allen ever been wrong in evaluating victims? Does any one person know more than any

juror about why a person would or would not disclose ongoing sex trafficking during a forensic interview?

Finally, Allen's proffered testimony about the prevalence of delayed disclosures in sexual assault cases, trauma-bonding in cases of sexual exploitation, as well as her experience with compliant teenage victims, is immaterial to the facts and circumstances of this case. This is not a sex trafficking or sexual assault case. The government simply wants the jury to hear sensational facts about run-of-the-mill sex trafficking and sexual assault cases to convict Childers by a for vouched association.

WHEREFORE, Defendant moves this Honorable Court to preclude the government's proffered expert witness, Amy Allen; alternatively, the defense moves for a pretrial hearing or a hearing outside the presence of the jury to screen the expert testimony before the jury hears it; and finally, if the government's proffered expert testimony is admitted, the defense moves that the expert testimony be admitted only after the alleged victim's testimony.

Respectfully submitted,

/s/*Mark H.* Magidson
MARK H. MAGIDSON(P25581)
Attorney for Defendant Nero
The David Whitney Bldg
One Park Avenue, Suite 1207
Detroit, MI 48226
(313) 963-4311
Fax: (313) 995-9146
mmag100@aol.com


Dated: February 21, 2023



## Certificate of Service

I certify that on February 21, 2023, I electronically filed the above *Motion*

with the Clerk of the Court using the ECF system, which will send notification of

the filing to the parties of record.

/s/*Mark H. Magidson*
MARK H. MAGIDSON(P25581)
Attorney for Defendant Nero