UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

                                Case No. 20–cr–20538

v.

                                Hon. David M. Lawson

Matthew Darrel Childers,

       Defendant.

---

## Defendant's Motion to Extend the Time for Filing a Pretrial Motion

Defendant moves this Honorable Court to allow the filing of his *Motion in Limine to Dismiss Either Count 2 or Count 3 of the Indictment* (ECF No. 99) after the filing deadline of November 7, 2022, under Fed. R. Crim. P. 45(b), for good cause and excusable neglect.

Respectfully submitted,

                                  Dated:      March 10, 2023

/s/ *Mark H. Magidson*
Mark H. Magidson (P25581)
Attorney for Defendant
The David Whitney Bldg
One Park Avenue, Suite 1207
Detroit, MI 48226
(313) 963-4311
mmag100@aol.com

## Certificate Regarding Concurrence

I certify and affirm, in compliance with E.D. Mich. LR 7.1(a)(2)(A), that there was a conference between the attorneys of record in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought.

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant

**Brief in Support of
Defendant's Motion to Extend the Time for Filing a Pretrial Motion**

## Facts

Defendant Matthew Childers is charged with production of child pornography, 18 U.S.C. § 2251(a), receipt of child pornography, 18 U.S.C. § 2252A(a)(2), and possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B). (Indict., ECF No. 9, PageID.21–23).

Current defense counsel was appointed and appeared in this case on August 18, 2022, after prior defense counselors had withdrawn. While working to review the facts and legal issues, defense counsel made two pretrial motions before the filing deadline of November 7, 2022. (Order, ECF No. 81, PageID.576).

However, after continuing to prepare for a possible plea agreement and trial, the defense became aware of another legal issue: Double Jeopardy or double punishment between Count 2 of the Indictment, charging Receipt of Child Pornography, and Count 3 charging Possession of Child Pornography. Defendant filed a Motion in Limine (ECF No. 99) to address the issue on February 21, 2023.

## Argument

The Rules of Criminal Procedure provide that

When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:

(A) before the originally prescribed or previously extended time expires; or (B) after the time expires if the party failed to act because of excusable neglect. [Fed. R. Crim. P. 45(b).]

The Sixth Circuit considers the following non-exhaustive list of factors to determine good cause and excusable neglect: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

The *Pioneer* factors "do not carry equal weight; the excuse given for the late filing must have the greatest import. While [the others] might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry." *United States v. Munoz*, 605 F.3d 359, 372-73 (6th Cir. 2010) (citation omitted).

"It is significant that *Pioneer* was a bankruptcy case; as the district court noted, *Pioneer's* 'your lawyer, your fault' principle should be applied less stringently in the criminal context, where 'our legal traditions reflect a certain solicitude for [a defendant's] rights, to which the important public interests in judicial efficiency and finality must occasionally be accommodated.' " Munoz, 605 F.3d at 369 (citations omitted). "In the civil context, a client is bound by the acts and omissions of his or her attorney . . . . However, in determining what constitutes excusable neglect, the courts have generally been more solicitous of a criminal defendant's rights." *Id.*

(internal quotation marks and citations omitted).

Here, while diligently focused on addressing the legal issues raised in Defendant's motions filed before the filing deadline, the Double Jeopardy issue was not discovered until continued preparation for trial.

There is no danger of prejudice to the government in deciding the Double Jeopardy issue now. Although the motion was filed about three months after the filing cutoff, there will be a minimal impact on judicial proceedings because the government has been aware of the issue for just over two weeks and can answer in enough time for this Court to decide the issue before the March 21, 2023 trial date. Finally, the defense has not acted in bad faith or attempted to delay proceedings by the late filing.

WHEREFORE, Defendant moves this Honorable Court to allow the filing of his *Motion in Limine to Dismiss Either Count 2 or Count 3 of the Indictment* (ECF No. 99) after the filing deadline of November 7, 2022.

Respectfully submitted,

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant
The David Whitney Bldg
One Park Avenue, Suite 1207

Detroit, MI 48226
(313) 963-4311
Fax: (313) 995–9146
mmag100@aol.com

Dated: March 10, 2023

## Certificate of Service

I certify that on March 10, 2023, I electronically filed the above *Motion* with the Clerk of the Court using the CM/ECF system, which served the filing to the parties of record.

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant