UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                        Criminal No. 20-20538

v.                              Hon. David M. Lawson

Matthew Darrel Childers,

      Defendant.

---

The United States of America's Trial Brief
in the matter of *United States v. Matthew Darrel Childers*

---

This is a straightforward case about a defendant who sexually exploited his girlfriend's child.

## I.    Introduction: Statement of Charges

In spring 2020, MV-1's mother reported Defendant's criminal sexual behavior to the Taylor Police Department. She produced MV-1's phone, which contained dozens of sexually explicit messages between MV-1 and Defendant. After a Covid delay, MV-1 met with a child forensic interviewer. She disclosed sexual abuse.

Knowing that law enforcement was investigating him for criminal sexual contact of a minor, Defendant presented himself to the Taylor police station and proceeded to show the detective the child pornographic videos of MV-1 that he saved in his phone. The detective seized the phone and found approximately eight sexually explicit videos and dozens of nude photos of the child. When he came back to pick up his phone, Defendant denied—then admitted—that he had sex with MV-1. A grand jury subsequently handed up an indictment, charging him with production, receipt, and possession of child pornography. (ECF No. 9, PageID.21). Defendant has pleaded not guilty and elected to proceed to trial. Trial in this matter is set to begin on June 13, 2023.

## II. Matters for an orderly trial

### A. Mutual sequestration of witnesses

The United States moves this Court to enter an order of sequestration for all potential witnesses in this case, except for SA David Alley, HSI, the case agent who will be sitting at the prosecution table. Defense concurs in this request.

### B. Agreements by the parties as to "off-limits" topics

The parties have no formal stipulations to enter into evidence at

trial. But both parties have agreed that any mention of a polygraph exam, or offers to take polygraph exams, will not be discussed in front of the jury. The parties also agree to refrain from discussing Defendant's pending state Criminal Sexual Conduct charges out of Wayne County in its case-in-chief. Should Defendant testify and open the door, however, the United States reserves the right to cross examine Defendant on his pending charges.

### C. Expert and fact witnesses: recalling the case agent

SA David Alley will be testifying as both a fact witness and an opinion (expert) witness. The United States is seeking to call him to the stand twice in order to keep his testimony cabined. Defense has no objection.

Amy Allen may also be testifying as both a fact witness and an opinion (expert) witness. But because her factual testimony is limited, the United States does not intend to recall her. Instead, the examining AUSA will clearly demarcate the transition in questioning from fact to opinion.

Federal Rule of Evidence 611(a) allows a district court to "exercise reasonable control over the mode and order of interrogating witnesses

and presenting evidence," as long as it "make[s] the interrogation and presentation effective for the ascertainment of the truth." *See also United States v. Lash*, 937 F.2d 1077, 1087 (6th Cir. 1991) ("The district court must have considerable discretion in controlling the mode and order of the proof at trial."). And under Rule 611(a), courts have long permitted the government to recall its witnesses—including its case agent—where necessary to present the evidence effectively. *United States v. Butera*, 677 F.2d 1376, 1381 (11th Cir. 1982); *United States v. Jackson*, 549 F.2d 517, 528–29 (8th Cir. 1977); *United States v. Dimora*, 843 F. Supp. 2d 799, 822–23 (N.D. Ohio 2012).

SA Alley will testify to the phone extractions in this case. Amy Allen will testify to child sexual abuse trauma. As the Court is aware, "the court should not, in the presence of the jury, declare that a witness is qualified as an expert or to render an expert opinion, and counsel should not ask the court to do so." *United States v. Johnson*, 488 F.3d 690, 697 (6th Cir. 2007). "Instead, the proponent of the witness should pose qualifying and foundational questions and proceed to elicit opinion testimony. If the opponent objects, the court should rule on the objection, allowing the objector to pose voir dire questions to the witness's

4

qualifications if necessary and requested." *Id.* See also *United States v. Ledbetter*, 929 F.3d 338, 349 (6th Cir. 2019). Consequently, the jury instructions refer to 'opinion witnesses' rather than 'expert witnesses.'"

### D. Transcripts to aid the jury

The Sixth Circuit approves of using transcripts at trial to assist the jury in understanding the audio portions of certain exhibits such as recorded interviews, videos, or jail calls. *United States v. Scarborough*, 43 F.3d 1021, 1024 (6th Cir. 1994). The United States will ask the Court to read the Sixth Circuit Pattern jury instruction to the jury prior to playing the first media exhibit containing a transcript aid, and again during the final jury instructions:

**Transcriptions of Recordings**

(1) You are about to see and hear recordings that were received in evidence, and you will see some written transcripts scrolling on the screen.

(2) Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what is being said. The recordings themselves are the evidence. If you notice any differences between what you hear on the tapes and what you see in

5

the transcripts, you must rely on what you hear, not what you read. And if you cannot hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

(3) This instruction applies to all recordings you will see and hear during this trial.

Sixth Circuit Pattern Jury Instruction 7.17 (modified to present tense; recordings and not tapes; application to all recordings)

The United States will provide the Court with extra copies of the instruction prior to playing the first media item. And the government has disclosed the transcripts to defense in advance of trial to compare with the audio so that any inaccuracies in the transcripts can be challenged before trial. *See United States v. Segines*, 17 F.3d 847, 854-55 (6th Cir. 1994) (outlining procedures for transcript disagreements).

### III. Potential legal issues at trial

#### A. Consent is not a defense

In order to prove a violation of production of child pornography under 18 U.S.C. § 2251(a), the government must show that the material in question depicted a minor engaged in sexually explicit conduct. The Sixth Circuit has held that children cannot consent to sexual assaults

6

against themselves or by others, and therefore, consent is not a defense. *See United States v. Wise*, 278 Fed. Appx. 552, 559 (6th Cir. 2008) (*citing United States v. Abad*, 350 F.3d 793, 798 (8th Cir. 2003) ("The reason is that the victims in these cases, because of ignorance or deceit, do not understand what is happening to them. Therefore, their 'consent' is of no significance."). *See also, United States v. Raplinger*, 555 F.3d 687, 691-92 (8th Cir. 2009). This is true even if the child is considered of legal age to participate in the sexual act. *United States v. Bach*, 400 F.3d 622, 628 (8th Cir. 2005).

### B. Jury nullification arguments should be prohibited

The defendant should not be allowed to offer evidence or argument that relates only to jury nullification. This includes:

- References to Michigan's age-of-consent laws for sexual contact with 16-year-olds (*see United states v. Walsh*, 654 Fed. Appx. 654, 689 (6th Cir. 2016) ("Satisfaction of state law is not a defense to breaking federal law"); *United States v. Laursen*, 847 F.3d 1026, 1031 (9th Cir. 2017) (Congress may regulate child pornography regardless of state consent age); and MCL

7

- § 750.145c (creating child pornography with a child under age 18 is a felony under Michigan law));

- Arguing for acquittal based on constitutional violations (*see United States v. Krzyske*, 836 F.2d 1013, 1021 (6th Cir. 1988) (parties may not argue or instruct the jury to nullify the law));

- Presenting evidence and argument that defendant lacked the *mens rea* to commit the crime due to voluntary intoxication (*see United States v. Kimes*, 246 F.3d 800, 806 (6th Cir. 2001) (diminished capacity only available to specific intent crimes); Fed. R. Crim. P. 12.2(b) (requiring notice of expert evidence of a mental condition); Fed. R. Evid. 704(b).

Along the same lines, the defendant should be prohibited from offering evidence relevant only to his character or life experiences, such as evidence of his upbringing or behavior in relationships with persons other than MV-1, his ignorance of the law, or MV-1's character, life experiences, or prior sexual history. By way of illustration of the last point, it would be improper for the defendant to argue that he should be acquitted of the charged crimes because MV-1 initially agreed to engage in the activity, because she had opportunities to cease, or because she

8

received some benefits from it. *See, e.g.*, *United States v. Mack*, 2014 WL 356502, at *3-6 (N.D. Ohio Jan. 31, 2014).

A defendant has no right to ask a jury to disregard the court's instructions on the law and nullify a prosecution by returning a verdict of not guilty even when it is persuaded by the evidence of a defendant's guilt. *See Krzyske*, 836 F.2d at 1021 (approving the following district court's response to a jury question about nullification: "[t]here is no such thing as valid jury nullification. … You would violate your oath and the law if you willfully brought in a verdict contrary to the law given you in this case."); *see also United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("A trial judge … may block defense attorneys' attempts to serenade a jury with the siren song of nullification … .").

Court orders precluding this type of evidence or argument are routinely granted in this district and circuit. *See, e.g.*, *United States v. Duval*, 865 F. Supp. 2d 803, 808-09 (E.D. Mich. 2012) (Lawson, J.); *United States v. Walsh*, 2016 WL 3595719, at *5-6 (6th Cir. June 29, 2016); *United States v. Feiger*, 2008 WL 996401, at *7 (E.D. Mich. Apr. 8, 2008) (Borman, J.); *United States v. Jones*, 2013 WL 5777684, at *2 (E.D. Tenn.

9

Oct. 25, 2013); *United States v. Rabinowitz*, 2012 WL 3150959, at *2 (S.D. Ohio Aug. 2, 2012).

### C. Defendant's out-of-court statements to law enforcement are inadmissible hearsay if offered by the defendant.

The defendant was interviewed twice at the Taylor Police station during this investigation. Taylor police recorded both interviews. Both times, the defendant made several self-serving statements, denying his behavior.

Federal Rule of Evidence 801(d)(2)(A) classifies admissions by party-opponents as non-hearsay when the "statement is offered against a party and is the party's own statement, in either an individual or representative capacity…" Therefore, the proponent of an out-of-court statement must satisfy two requirements: (1) that the statement is made by a party; and (2) that the statement is offered against that party in order for the statement to constitute non-hearsay. See Fed. R. Evid. 801(d)(2)(A). Accordingly, the defendant's statements are non-hearsay when offered by the government, but a defendant cannot introduce his own statements through his own testimony or the testimony of other witnesses. *See United States v. Holden*, 558 F.3d 698, 706 (6th Cir. 2009).

Some of the defendant's statements consist of a flat-out denial of his conduct. Defendant's out-of-court statements constitute inadmissible hearsay if offered by the defense. *See* Fed. R. Evid. 801(c). The defendant should not be allowed to introduce—or refer—to any self-serving statements, either through his own testimony or through the examination of other witnesses because it is inadmissible hearsay. For example, defense counsel should not be allowed to ask questions such as, "didn't the defendant say he did not sexually touch any child?" or "didn't the defendant make a statement to you denying his conduct?" Such questions infer to the jury that the defendant has made exculpatory statements to law enforcement that the government is suppressing from evidence. Such inferences would do nothing but mislead the jury as to the facts of the case.

In contrast, the Court should allow the government to retain the ability to introduce any of the defendant's statements as the admissions of a party-opponent pursuant to Federal Rule of Evidence 801(d)(2).[1] *See United States v. Bravata,* No. 11-CR-20314, 2013 WL 692955, at *1 (E.D. Mich. Feb. 26, 2013) (Borman, J.) ("A critically important distinction

---

[1] If Defendant testifies, his statements to law enforcement may additionally qualify as prior inconsistent statements for purposes of impeachment.

11

exists, however, in the non-hearsay nature of such of such [sic] statements when offered by the Government against [Defendant] and the classic hearsay nature of such statements when they are offered by the defendant himself. In the former case, the statements are the non-hearsay admissions of a party opponent under Fed.R.Evid. 801(d)(2)(A). When offered by the defendant, such statements are classic, self-serving inadmissible hearsay. It is well accepted that 'a party's own statement is admissible as non-hearsay only if it is offered against that party.'" *Stalbosky v. Belew,* 205 F.3d 890, 94 (6th Cir.2000).

If the government decides to introduce certain of the defendant's out-of-court statements, such introduction still does not open the door for the defendant to himself introduce other statements he made—either through his own testimony or through the examination of other witnesses. *See United States v. McDaniel,* 398 F.3d 540, 545 (6th Cir. 2005) ("Rule 801(d)(2), however, does not extend to a party's attempt to introduce his or her *own* statements through the testimony of other witnesses.") (internal citations omitted and emphasis in original); *United States v. Gallagher*, 57 F. App'x 622, 628-29 (6th Cir. 2003) ("The trial court properly concluded that the admitted part of Gallagher's

12

statement—his admissions that he was a felon, knew that he was not to possess a firearm, and that his female companion had nothing to do with the crime—did not require appellant's additional self-serving exculpatory comments for completeness. . . . As this circuit has observed, 'the completeness doctrine embodied in Rule 106 should not be used to make something admissible that would otherwise be excluded.'") (internal citations omitted).

This Court should preclude Defendant from introducing inadmissible hearsay statements he made to law enforcement—either through his own testimony or through the examination and cross-examination of other witnesses.

### D. Witnesses cannot be impeached by other peoples' reports.

There are several reasons why Childers' counsel cannot use one witness' statements or reports to impeach another who testifies at trial. First, the Sixth Circuit has held that "it would be grossly unfair to allow the defense to use a statement to impeach a witness which could not fairly be said to be the witness' own rather than a product of the investigator's selections, interpretations, and interpolations." *United States v. Carroll*, 26 F.3d 1380, 1391 (6th Cir. 1994). To permit cross-

13

examination of agent witnesses using another's report would be unfair, and not "impeachment." Each report is that agent's own prior statement, and not the statement of other agent witnesses.

Second, an agent's report would be hearsay when presented to another witness. The Federal Rules of Evidence define a "statement" as "an oral or written assertion" (or nonverbal conduct intended as an assertion). Fed. R. Evid. 801(a). A "declarant" is a person who makes a statement. Fed. R. Evid. 801(b). A statement other than one made by the declarant at the trial, offered to prove the truth of the matter asserted, is "hearsay." Fed. R. Evid. 801(c). Subject to enumerated exceptions, hearsay evidence is inadmissible. Fed. R. Evid. 802.

Third, Federal Rule of Evidence 613 deals with impeachment of a witness by reference to a prior statement by that witness. Rule 613 requires that the statement in question be "a prior statement made by the witness[.]" Fed. R. Evid. 613(a). Under Rule 613, a witness can only be impeached by reference to his own prior statement, and not a prior statement made by another. *United States v. Valentine*, 70 Fed. Appx. 314, 323 (6th Cir. 2003) (unpublished) (*abrogated on other grounds*, *United States v. Camcacho-Arellano*, 614 F.3d 244 (6th Cir. 2010).

14

## IV. Potential rebuttal case by the government

If the defendant puts on a case to the jury, the government respectfully requests the opportunity to present rebuttal evidence in the form of a rebuttal case after the defense rests.

Rebuttal evidence serves to "'rebut new evidence or new theories proffered in the defendant's case-in-chief,' and is not limited by the fact that the plaintiff could have introduced the proffered evidence in his case-in-chief." *United States v. Caraway*, 411 F.3d 679, 683 (6th Cir. 2005), quoting *Benedict v. United States*, 822 F.2d 1426, 1428 (6th Cir. 1987); *see also United States v. Reynolds*, 626 F. App'x 610, 618 (6th Cir. 2015).

The government has no duty to anticipate the defense or "to negate in its own case-in-chief a theory that would be later raised" by the defendant. *Benedict v. United States*, 822 F.2d 1426, 1430 (6th Cir. 1987). A district court has broad discretion to determine the scope of rebuttal in admitting evidence. *Caraway*, 411 F.3d at 683.

The defendant has been charged with serious offenses relating to child pornography. The government cannot anticipate every single defense that may be offered at trial. Moreover, certain testimony by a defense case may necessitate rebuttal witnesses. Thus, the government

15

respectfully requests that this Court reserve time for the government to present a rebuttal case if the defendant puts on a case in chief.

## V. Conclusion

The evidence at trial will show that the defendant, using materials in interstate and foreign commerce, persuaded, induced, coerced, and enticed MV-1 to make sexually explicit images and videos for him. He produced child pornography with her while engaging in sex acts with her. He also received several sexually explicit images and videos—at his request—via social media and internet-based communications.

Respectfully submitted,

DAWN N. ISON,
United States Attorney

*s/Margaret M. Smith*
Margaret M. Smith
Tara M. Hindelang
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9135
E-Mail: margaret.smith@usdoj.gov
Bar No. P71413

Dated: 6/6/2023

## Certificate of Service

I certify that on June 6, 2023, I electronically filed the foregoing Trial Brief with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Mark H. Magidson
Defendant Attorney

s/*Margaret M. Smith*
Margaret M. Smith
Assistant U.S. Attorney
United States Attorney's Office